UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

ALFREDO ASSEF

     Plaintiff,

v.

MUNILLA CONSTRUCTION
MANAGEMENT, LLC

     Defendant,

_____/

## **COMPLAINT**

The Plaintiff ALFREDO ASSEF**,** by and through undersigned counsel, hereby sues Defendant MUNILLA CONSTRUCTION MANAGEMENT, LLC on the grounds set forth herein.

## INTRODUCTION

1.  This is an action by Plaintiff ALFREDO ASSEF under the Age Discrimination in Employment Act, 29 U.S.C. 623 (ADEA), and the Florida Civil Rights Act of 1992 (FCRA), Florida Statute Section 760, to redress injury done to him by the Defendant's discriminatory treatment on the basis of his AGE.

## JURISDICTION AND VENUE

2.  This is an action for damages brought in excess of $15,000.00 exclusive of interest, attorney's fees and costs.

3. This action is authorized and instituted pursuant to the Age Discrimination in Employment Act, 29 U.S.C. 623 (ADEA) and the Florida Civil Rights Act of 1992 (FCRA), Florida Statute Section 760.

4. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and §1343. Plaintiff invokes this Court's supplemental and pendant jurisdiction over Plaintiff's state law claims because they arise out of the same nucleus of operative facts as the federal case, and pursuant to 28 U.S.C. §§1332 and 1367.

5. The venue of this action is properly placed in the Southern District of Florida, Miami Division, pursuant to 28 U.S.C. §1391(b), since the employment practices hereafter alleged to be unlawful were committed in Miami, Dade County, within the jurisdiction of this Honorable Court.

<u>PARTIES</u>

6. Plaintiff ALFREDO ASSEF is a resident of Miami-Dade County, who was employed by Defendant and is a member of certain protected classes of persons.

7. Corporate Defendant MUNILLA CONSTRUCTION MANAGEMENT, LLC

8. (hereinafter, "MUNILLA CONSTRUCTION, or Defendant"), is a profit corporation authorized to conduct business in the State of Florida, in Miami-Dade County, Florida, and within the jurisdiction of this Court.

9. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 701(b), (g), and (h) of Title VII, 42 U.S.C. § 2000e (b), (g), and (h).

## PROCEDURAL REQUIREMENTS

10. All conditions precedent to this action has been fulfilled. On or about December 22, 2014, Plaintiff ALFREDO ASSEF dual-filed his Charge of Discrimination with the EEOC, and also with the Florida Commission on Human Relations within 300 days of the alleged violation. To date, over six (6) months have passed since the filing of the Complaint.  On or about April 28, 2017, upon request, the U.S. Equal Employment Opportunity Commission issued to Plaintiff a Dismissal and Notice of Rights with respect to such charge of discrimination.  *See* **composite Exhibit "A."**

## STATEMENT OF FACTS

11. Plaintiff ALFREDO ASSEF,  is a 75 years old male, who is a member of a protected class under the Age Discrimination in Employment Act, 29 U.S.C. 623 (ADEA); the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title VII"); and the Florida Civil Rights Act of 1992 (FCRA), Florida Statute Section 760,  because of his Age, and because of his participation in protected activities within the meaning of the Civil Rights Act of 1964 [42 U.S.C. 2000 e-2 (a)], Section 704(a).

12. Defendant MUNILLA CONSTRUCTION is a construction Company specialized in commercial building, and heavy civil construction, Defendant builds roads, bridges, underground utilities etc.

13. Defendant  MUNILLA  CONSTRUCTION  employed  Plaintiff  ALFREDO  ASSEF from approximately December 22, 2014, to January 28, 2016, or 57 weeks.

14. Plaintiff  was  hired  as  a  full-time  employee,  being  employed  as  "Traffic  Control Specialist". Plaintiff main duty consisted of controlling the traffic of vehicles, placing traffic signals, traffic fences, to close roads and streets, and to detour the flow of traffic.

15. Every day Plaintiff reported directly to the worksite, and he worked under the supervision of supervisor Orlando Arias.

16. Throughout his employment with the Defendant, Plaintiff performed his duties in an exemplary fashion. Plaintiff possessed all the required skills, training and qualifications for the job in question, Plaintiff had the necessary training and certification from the Florida Department of transportation, and he performed his duties without significant issue or controversy.

17. Plaintiff enjoyed and appreciated his work, and he did everything to perform at his best. Plaintiff never received a written or verbal warning.

18. However, during his employment with Defendant, Plaintiff experienced unlawful discrimination and harassment, and was further subjected to different terms and conditions of employment due to his Age, to wit: 73 years old at the time of his termination.

19. Everything was fine for Plaintiff until September 11, 2015, unfortunately, on that date, Plaintiff suffered a work-related injury. Plaintiff hurt his knee while he was loading a truck. Plaintiff had to rest for approximately one week.

20. After Plaintiff's accident, he began to suffer severe Discrimination and Harassment on basis of his Age.

21. Upon his return to work, supervisor Orlando Rodriguez, and manager Edwing Vega, harassed Plaintiff with numerous, unwelcome, age-related remarks, and comments.

22. Manager Edwing Vega and supervisor Orlando Rodriguez referred to Plaintiff in a disdainful way calling him "El Viejo" (the old one).

23. Supervisor Orlando Rodriguez had a disrespectful conduct toward Plaintiff and he constantly told him: "You are too old to work here", "Go and look for an employment pushing carts at Winn Dixie"; "How long you are planning to stay here"; "You need to leave this job for younger people", and many other derogatory remarks in reference to Plaintiff's age.

24. Supervisor Orlando Rodriguez made those remarks in front of other employees, causing Plaintiff humiliation and embarrassment. Plaintiff heard many comments from co-workers that he would be fired soon because of his age.

25. Plaintiff did not know what to do, and he felt helpless. Defendant did not have a clear policy regarding harassment at the workplace.  Plaintiff did not want to complaint to manager Edwing Vega, because he also harassed him because of his age.  In addition, supervisor Orlando Rodriguez and manager Edwing Vega were very good friends, Manager Edwing Vega was always absent, and he endorsed the conduct of supervisor Orlando Rodriguez. Besides, Plaintiff's contact with Defendant's offices was very limited, since he worked outside, on the worksites.

26. The frequency of the age-related remarks, and the disrespectful conduct of manager Edwing Vega and supervisor Orlando Rodriguez, created for Plaintiff a hostile working environment.

27. The harassment of supervisor Gustavo LNU, was not limited to verbal harassment. supervisor Orlando Rodriguez gave Plaintiff a discriminatory treatment. The supervisor assigned Plaintiff the most unfavorable job assignment, he was required to do heavy work, without any consideration to Plaintiff's knee injury.  Plaintiff had a weight lifting restriction and was wearing knee braces. Regardless his injury, Plaintiff was sent to

work in different worksites by walking, while other workers were using company's transportation. Plaintiff was assigned the most unfavorable work schedules and the hardest jobs.

28. Plaintiff felt harassed, unwelcome, uncomfortable, humiliated and intimidated in his place of work. Plaintiff knew that supervisor Orlando Rodriguez was trying to fire him, but he did not complain in fear of precipitating his termination.

29. Therefore, Plaintiff continued working and suffering the harassment and hostile working environment because of his Age.

30. On or about November 2015, Plaintiff could not tolerate the abusive and disrespectful conduct of supervisor Orlando Rodriguez anymore, and confronted him, and opposed to his discriminatory treatment.

31. Plaintiff complained and told the supervisor that he felt discriminated and harassed because of his age and demanded him to stop referring to him as the "The old one", because Plaintiff was in better physical conditions than the supervisor, and he could climb into the trucks better and faster than younger workers.

32. This complaint constituted protected activity under the Age Discrimination in Employment Act, 29 U.S.C. 623 (ADEA).

33. After Plaintiff's complaint, his work environment deteriorated even more. The supervisor increased his hostility and harassment.

34. On or about December 18, 2015, Plaintiff received his official medical clearance to work normally.  In fact, Plaintiff always worked normally, he was not able to use any light duty or weight lifting restriction, nothing changed and Plaintiff continued his work.

35. As a result of Plaintiff's protected activity, on or about January 28, 2016, Plaintiff reported to the worksite as usual, and he was about to get on the Company's truck to be transported together with other workers, when Manager Edwing Vega stopped Plaintiff and told him that he was fired.  Plaintiff requested an explanation, a reason. Nevertheless. The manager was unable to offer any reason.  Plaintiff told the manager: "You are discriminating and firing me just because of my age".

36. On or about January 28, 2016, Plaintiff was fired by the Defendant, and Plaintiff's termination was directly and proximately caused by Defendant's unjustified discrimination and retaliation against Plaintiff because of his complains of unlawful Age Discrimination and Harassment in violation of both Federal and State Laws.

37. Upon information and belief, Plaintiff was replaced by a younger individual.

38. Moreover, Plaintiff's termination came just in temporal proximity after Plaintiff's engaged in protected activity for the last time on or about November 2015.

<u>COUNT I:</u>
<u>VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967, 29 U.S.C. § 623 (ADEA): DISCRIMINATION BASED ON AGE</u>

39. Plaintiff ALFREDO ASSEF re-adopts each and every factual allegation as stated in paragraphs 1-38 above as if set out in full herein.

40. Plaintiff is a member of a protected class under the Age Discrimination in Employment Act of 1967, 29 U.S.C. §623 (d).

41. Defendant MUNILLA CONSTRUCTION employed Plaintiff ALFREDO ASSEF as a "Traffic Control Specialist", from approximately December 22, 2014, to January 28, 2016, or 57 weeks.

42. At all times material hereto, the Employer/Defendant  MUNILLA CONSTRUCTION failed to comply with the Age Discrimination in Employment Act, 29 U.S.C. § 623 (a) *et seq.*, as amended, which states, "It shall be unlawful for an employer:  (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age; (2) to limit, segregate, or classify his employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's age; or (3) to reduce the wage rate of any employee in order to comply with this chapter."

43. The discrimination of Plaintiff by Defendant was caused by Defendant being aware of Plaintiff's age, to wit: 73 years of age.

44. The discrimination of Plaintiff ALFREDO ASSEF by Defendant MUNILLA CONSTRUCTION was caused by Defendant being aware of Plaintiff's Age.

45. The harassment and discrimination was perpetrated by the decision makers, and this fact, perpetuated and facilitated an abusive, discriminatory, and hostile work environment based on Plaintiff's Age. within the meaning of ADEA.

46. At all relevant times aforementioned, including the time of discrimination, Defendant was aware that Plaintiff ALFREDO ASSEF was 73 years old.

47. At the time of the unlawful discrimination, the Plaintiff did perform and excel at the performance of the essential functions assigned to him by the Defendant.  The Plaintiff was qualified for the position apart from his apparent Age.

48. The Defendant is a sophisticated employer who has actual knowledge of the requirements of the Age Discrimination in Employment Act of 1967, as amended.

49. The failure of Defendant to adhere to the mandates of the Act was willful and its violations of the provisions of the Act were willful.

50. Defendant, through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's federally protected rights, discriminated against Plaintiff on account of his age in violation of the Act with respect to its decision to treat Plaintiff different from other employees.

51. Plaintiff was constructively discharged by the Defendant and Plaintiff's constructive discharge from employment was directly and proximately caused by the Defendant's unjustified discrimination against Plaintiff because he was 73 years old, in violation of the Act.

52. At the time of Defendant's termination of his employment, Plaintiff did perform and excel at the performance of the essential functions of his position.

53. Any alleged nondiscriminatory reason for the constructive termination of Plaintiff's employment asserted by Defendant MUNILLA CONSTRUCTION is a mere pretext for the actual reasons, Plaintiff's Age and complaints related to the unlawful acts of Discrimination and Harassment.

54. The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights protecting a person from discrimination due to his age. The discrimination on the basis of Age constitutes unlawful discrimination.

55. As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered serious economic losses as well as mental pain and suffering.

56. Defendant MUNILLA CONSTRUCTION is subject to vicarious liability for the actions of its agents because it failed to take adequate remedial measures to halt the discrimination, harassment, and retaliation to which Plaintiff was subjected to despite Defendant's knowledge that such discrimination, harassment, and retaliation was occurring.

57. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay reasonable attorneys' fees and costs.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff ALFREDO ASSEF respectfully requests that this court order the following:

A. Grant a permanent injunction enjoining Defendant MUNILLA CONSTRUCTION its officers, successors, assignees, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of Age.

B. Reinstate Plaintiff to the same position he held before the retaliatory personnel action, or to an equivalent position.

C. Reinstate full fringe benefits and seniority rights to Plaintiff.

D. Order Defendant MUNILLA CONSTRUCTION to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest and other remuneration for mental pain, anguish, pain and humiliation from employment termination due to his age.

E. For a money judgment representing prejudgment interest.

F. Award any other compensation allowed by law including attorney's fees and further demands a trial by jury on all issues so triable.

<u>JURY TRIAL DEMAND</u>

Plaintiff ALFREDO ASSEF demands a trial by jury on all issues triable as of right by a jury.

**<u>COUNT II:</u>**
**<u>RETALIATION IN VIOLATION OF THE AGE DISCRIMINATION IN</u>**
**<u>EMPLOYMENT ACT OF 1967, 29 U.S.C. § 623 (d) (ADEA):</u>**
**<u>ANTI-RETALIATION PROVISION; RETALIATORY DISCHARGE</u>**

58. Plaintiff ALFREDO ASSEF re-adopts each and every factual allegation as stated in paragraphs 1-38 above as if set out in full herein.

59. Plaintiff is a member of a protected class under the Age Discrimination in Employment Act of 1967, 29 U.S.C. §623 (d), and because of his participation in protected activity, within the meaning of ADEA.

60. Defendant MUNILLA CONSTRUCTION employed Plaintiff ALFREDO ASSEF as a "Traffic Control Specialist", from approximately December 22, 2014, to January 28, 2016, or 57 weeks.

61. At all times material hereto, the Employer/Defendant failed to comply with the Age Discrimination in Employment Act of 1967, 29 U.S.C. §623 (d), which states, "It shall be unlawful for an employer to discriminate against any of his employees or applicants for employment,…because such individual,… *has opposed any practice made unlawful by this section*, or because such individual,… has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or litigation under this chapter" (emphasis added).

62. The Defendant MUNILLA CONSTRUCTION is a sophisticated employer who has actual knowledge of the requirements of the Age Discrimination in Employment Act

of 1967, which specifically makes it unlawful to retaliate against employees who oppose or participate in statutorily protected activity.

63. The failure of Defendant to adhere to the mandates of the Act was willful and its violations of the provisions of the Act were willful.

64. During his time of employment with Defendant MUNILLA CONSTRUCTION, Plaintiff ALFREDO ASSEF suffered discrimination and harassment on basis of his Age.

65. Manager Edwing Vega and supervisor Orlando Rodriguez harassed Plaintiff because of his Age, and constantly told Plaintiff: "You are too old to work here", "Go and look for an employment pushing carts at Winn Dixie"; "How long you are planning to stay here"; "You need to leave this job for younger people", and many other derogatory remarks in reference to Plaintiff's age.  At the time Plaintiff was 73 years old, and he was the oldest worker of his department.

66. Manager Edwing Vega and supervisor Orlando Rodriguez subjected Plaintiff to discriminatory treatment. They harassed Plaintiff and assigned him the most hard and difficult jobs, and the most inconvenient schedules.

67. The harassment and discrimination was perpetrated by the decision makers, and this fact, perpetuated and facilitated an abusive, discriminatory, and hostile work environment based on Plaintiff's Age. within the meaning of ADEA.

68. Plaintiff felt harassed, unwelcome, uncomfortable, humiliated in his place of work. This harassment was so pervasive, that created a hostile, intimidating work environment for Plaintiff.

69. On or about November 2015, Plaintiff engaged in protected activity by complaining directly to supervisor Orlando Rodriguez. Plaintiff complained about Discrimination and Harassment on basis of his Age.

70. This complaint constituted protected activity under the Age Discrimination in Employment Act, 29 U.S.C. 623 (ADEA).

71. As a result of Plaintiff's protected activity, on or about January 28, 2016 manager Edwing Vega, fired Plaintiff without further explanations.

72. Plaintiff was fired by the Defendant, and Plaintiff's termination was directly and proximately caused by Defendant's unjustified discrimination and retaliation against Plaintiff because of his complaints of unlawful discrimination and harassment in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. §623 (d)

73. Plaintiff's protected activity resulted in retaliatory adverse actions that altered the terms, conditions and privileges of Plaintiff's employment.

74. At the time of his termination Plaintiff performed and exceled at the functions of his job, any alleged nondiscriminatory reason for terminating Plaintiff asserted by the Defendant is a mere pretext for the actual reasons for termination, Plaintiff's complaints of discrimination and harassment because of his Age.

75. Defendant MUNILLA CONSTRUCTION through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's federally protected rights, retaliated against Plaintiff ALFREDO ASSEF on account of Plaintiff's complaints and being discriminated because of his Age.

76. Moreover, Plaintiff's termination came just in temporal proximity after Plaintiff's participation in protected activity on November 2015.

77. As a direct and proximate result of the Defendant's intentional conduct, Plaintiff ALFREDO ASSEF suffered serious economic losses as well as mental pain and suffering.

78. The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights protecting a person from discrimination due to their Age and retaliation due to their complaints of unlawful discrimination.  Retaliation on the basis of having engaged in protected activity constitutes unlawful retaliation.

79. As a result of the retaliation, Plaintiff ALFREDO ASSEF has incurred substantial monetary losses and has suffered emotional distress, embarrassment and humiliation.

80. Defendant MUNILLA CONSTRUCTION is subject to vicarious liability for the actions of its agents because it failed to take adequate remedial measures to prevent and to halt the discrimination, harassment, and retaliation to which Plaintiff was subjected to, despite Defendant's knowledge that such discrimination, harassment, and retaliation was occurring.

81. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay reasonable attorneys' fees and costs.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff ALFREDO ASSEF respectfully requests that this court order the following:

A. Grant a permanent injunction enjoining Defendant MUNILLA CONSTRUCTION its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of Age.

B.  Reinstate Plaintiff to the same position he held before the retaliatory personnel action, or to an equivalent position.

C.  Reinstate full fringe benefits and seniority rights to Plaintiff.

D.  Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest and other remuneration for mental pain, anguish, pain and humiliation from the discrimination and/or for terminating Plaintiff in retaliation of his complaints of Age discrimination.

E.  For a money judgment representing prejudgment interest.

F.  Award any other compensation allowed by law including, attorneys' fees and further demands a trial by jury on all issues so triable.

<u>JURY TRIAL DEMAND</u>

Plaintiff ALFREDO ASSEF demands a trial by jury on all issues triable as of right by a jury.

**<u>COUNT III:</u>**
**<u>VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992 CHAPTER 760: DISCRIMINATION BASED ON AGE</u>**

82. Plaintiff ALFREDO ASSEF re-adopts each and every factual allegation as stated in paragraphs 1-38 above as if set out in full herein.

83. Plaintiff is a member of a protected class under Title VII, and the Florida Civil Rights Act because of his Age, within the meaning of the Florida Civil Rights Act.

84. Defendant MUNILLA CONSTRUCTION employed Plaintiff ALFREDO ASSEF as a "Traffic Control Specialist", from approximately December 22, 2014, to January 28, 2016, or 57 weeks.

85. At all times material hereto, the Employer/Defendant MUNILLA CONSTRUCTION

    failed to comply with the Florida Civil Rights Act of 1992 [Florida Statutes Section

    760.10] which states:

    "*It is an unlawful employment practice for an employer: To discharge or to fail or
    refuse to hire any individual, or otherwise to discriminate against any individual with
    respect to compensation, terms, conditions, or privileges of employment, because of
    such individual's race, color, religion, sex, national origin, age, handicap, or marital
    status.*

86. The discrimination and harassment of Plaintiff ALFREDO ASSEF by Defendant was

    on the basis of Plaintiff being 73 years old.

87. The Discrimination and Harassment of Plaintiff ALFREDO ASSEF by Defendant

    MUNILLA CONSTRUCTION was caused by Defendant being aware of Plaintiff's

    Age.

88. Plaintiff complained about being harassed and discriminated because of his age, he

    suffered discriminatory treatment and finally he was constructively discharged.

89. At all relevant times aforementioned, including the time of the employment termination

    of Plaintiff, Defendant, was aware that Plaintiff was 73 years old.

90. The harassment and discrimination was perpetrated by the decision makers, and this

    fact, perpetuated and facilitated an abusive, discriminatory, and hostile work

    environment based on Plaintiff's Age. within the meaning of the Florida Civil Rights

    Act.

91. At the time of Defendant's termination of his employment, Plaintiff did perform and

    excel at the performance of the essential functions of his position.

92. The Plaintiff was well qualified for the position.

93. Plaintiff was constructively discharged by the Defendant and Plaintiff's termination of employment was directly and proximately caused by the Defendant's unjustified discrimination against Plaintiff because of his Age, in violation of Florida Statute Section 760.

94. As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered serious economic losses as well as mental pain and suffering.

95. Any alleged nondiscriminatory reason for this treatment of Plaintiff asserted by Defendant is a mere pretext for the actual reason for terminating employment, his Age.

96. The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights pursuant to Florida Statute Section 760, protecting a person from discrimination because of Race, Color, Religion, Sex, National Origin, Age, Handicap, or Marital status.

97. The aforementioned actions of Defendant were done wantonly, willfully, maliciously and with reckless disregard of the consequences of such actions.

98. Defendant MUNILLA CONSTRUCTION is subject to vicarious liability for the actions of its agents because it failed to take adequate remedial measures to halt the Discrimination, Harassment, and Retaliation to which Plaintiff was subjected to despite Defendant's knowledge that such discrimination, harassment, and retaliation was occurring.

99. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff ALFREDO ASSEF respectfully requests that this court order the following:

A. Grant a permanent injunction enjoining Defendant MUNILLA CONSTRUCTION, its officers, successors, assignees, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of Age.

B. Reinstate Plaintiff to the same position he held before the retaliatory personnel action, or to an equivalent position.

C. Reinstate full fringe benefits and seniority rights to Plaintiff.

D. Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest and other remuneration for mental pain, anguish, pain and humiliation from employment termination due to his Age.

E. For a money judgment representing prejudgment interest.

F. Award any other compensation allowed by law including punitive damages, attorney's fees (448.104) and further demands a trial by jury on all issues so triable.

<u>JURY TRIAL DEMAND</u>

Plaintiff ALFREDO ASSEF demands a trial by jury on all issues triable as of right by a jury.

**<u>COUNT IV:</u>**
**<u>VIOLATION OF FLORIDA CIVIL RIGHTS ACT,</u>**
**<u>CHAPTER 760, FLORIDA STATUTES; RETALIATION;</u>**
**<u>RETALIATORY DISCHARGE</u>**

100.   Plaintiff ALFREDO ASSEF re-adopts each and every factual allegation as stated in paragraphs 1-38 and 82-99 of this Complaint as if set out in full herein

101.    Plaintiff is a member of a protected class under Title VII, and the Florida Civil

Rights Act because of his Age, and because of their participation in protected activities

within the meaning of the Florida Civil Rights Act.

102.    This is an action against MUNILLA CONSTRUCTION for unlawful retaliation

under the Florida Civil Rights Act, Chapter 760, FL Statutes, (FCRA).

103.    The FCRA contains an anti-retaliation provision, forbidding employers from

retaliating, or from taking adverse personnel action against, those employees who

exercise their lawful and protected rights under Title VII.

104.    The FCRA, *Fla. Stat. Section 760.10,* (7) reads in applicable part, as follows:

*"It is an unlawful employment practice for an employer, an employment agency, a
joint labor management committee, or a labor organization to discriminate against
any person because that person has opposed any practice which is an unlawful
employment practice under this section, or because that person has made a charge,
testified, assisted, or participated in any manner in an investigation, proceeding, or
hearing under this section".*

105.    Defendant MUNILLA CONSTRUCTION employed Plaintiff ALFREDO ASSEF

as a "Traffic Control Specialist", from approximately December 22, 2014, to January

28, 2016, or 57 weeks.

106.    During his time of employment with Defendant MUNILLA CONSTRUCTION,

Plaintiff ALFREDO ASSEF suffered Discrimination and Harassment on basis of his

Age.

107.    Manager Edwing Vega and supervisor Orlando Rodriguez harassed Plaintiff

because of his Age, and constantly told Plaintiff: "You are too old to work here", "Go

and look for an employment pushing carts at Winn Dixie"; "How long you are planning

to stay here"; "You need to leave this job for younger people", and many other

derogatory remarks in reference to Plaintiff's age.  At the time Plaintiff was 73 years old, and he was the oldest worker of his department.

108.    Manager Edwing Vega and supervisor Orlando Rodriguez subjected Plaintiff to discriminatory treatment. They harassed Plaintiff and assigned him the most hard and difficult jobs, and the most inconvenient schedules.

109.    The harassment and discrimination was perpetrated by the decision makers, and this fact, perpetuated and facilitated an abusive, discriminatory, and hostile work environment based on Plaintiff's Age. within the meaning of the Florida Civil Rights Act, Chapter 760, FL Statutes, (FCRA).

110.    Plaintiff felt harassed, unwelcome, uncomfortable, humiliated in his place of work. This harassment was so pervasive, that created a hostile, intimidating work environment for Plaintiff.

111.    On or about November 2015, Plaintiff engaged in protected activity by complaining directly to supervisor Orlando Rodriguez. Plaintiff complained about Discrimination and Harassment on basis of his Age.

112.    This complaint constituted protected activity under the Florida Civil Rights Act, Chapter 760, FL Statutes, (FCRA).

113.     However, after Plaintiff's complaint his work environment deteriorated even more. The supervisor increased his hostility and harassment.

114.    As a result of Plaintiff's protected activity, on or about January 28, 2016 manager Edwing Vega, fired Plaintiff without further explanations.

115.    Plaintiff's protected activity resulted in retaliatory adverse actions that altered the terms, conditions and privileges of his employment.

116.    Moreover, Plaintiff's termination came just in temporal proximity after Plaintiff's participation in protected activity (on November 2015).

117.    At the time of his termination Plaintiff performed and exceled at the functions of his job, any alleged nondiscriminatory reason for terminating Plaintiff asserted by the Defendant is a mere pretext for the actual reasons for termination, Plaintiff's complaints of discrimination and harassment because of his Age.

118.    The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights protecting a person from discrimination due to their Age and retaliation due to their complaints of unlawful discrimination.  Retaliation on the basis of having engaged in protected activity constitutes unlawful retaliation.

119.    As a result of the retaliation, Plaintiff ALFREDO ASSEF has incurred substantial monetary losses and has suffered emotional distress, embarrassment and humiliation.

120.    Defendant MUNILLA CONSTRUCTION is subject to vicarious liability for the actions of its agents, because it failed to take adequate remedial measures to prevent and to halt the discrimination, harassment, and retaliation to which Plaintiff was subjected to, despite Defendant's knowledge that such discrimination, harassment, and retaliation was occurring.

121.    Plaintiff has no plain, adequate, or complete remedy at law.  He is suffering, and will continue to suffer, irreparable injury in the form of psychiatric and psychological harm, extreme emotional distress, emotional pain, mental anguish and humiliation, loss of dignity, loss of enjoyment of life, loss of past and future wages and an inability to earn wages in the future. These losses are continuing and will continue in the future.

122.  Plaintiff has retained the law offices of the undersigned attorney to represent him

in this action and is obligated to pay reasonable attorneys' fees and costs.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff ALFREDO ASSEF respectfully requests that this Court;

A.  Grant a permanent injunction enjoining Defendant MUNILLA CONSTRUCTION,

its officers, successors, assigns and all persons in active concert or participation

with it, from engaging in further discriminatory practice in violation of The FCRA,

Fla. Stat. Section 760.10, (7).

B.  Award Plaintiff ALFREDO ASSEF judgment against the Defendant MUNILLA

CONSTRUCTION for compensatory damages as determined by the Trier of fact.

C.  Award Plaintiff restitutionary damages including back pay, front pay, liquidated

damages, any "Employee Welfare Benefits" and retirement benefits for the time

Plaintiff should have worked absent Defendant's discriminatory treatment.

D.  Enter Judgment for Punitive damages against MUNILLA CONSTRUCTION.

E.  Award all reasonable Attorney's fees and costs incurred in connection with this

action; and any other and further relief as justice may require.

<u>JURY TRIAL DEMAND</u>

Plaintiff ALFREDO ASSEF, demands trial by jury of all issues triable as of right by jury

Dated:  June 30, 2017                          Respectfully submitted,
                                               By:  **/s/ Zandro E. Palma**
                                               ZANDRO E. PALMA, P.A.
                                               Florida Bar No.: 0024031
                                               9100 S. Dadeland Blvd., Suite 1500
                                               Miami, FL 33156
                                               Telephone: (305) 446-1500
                                               Facsimile:  (305) 446-1502
                                               zep@thepalmalawgroup.com
                                               *Attorney for Plaintiff*